**Cooley E. MILLER and Marjorie J. Miller, Appellants,**

v.

**Roy A. LARSON and Thomas E. King, Respondents.**

**No. WD 37253.**

Missouri Court of Appeals, Western District.

June 24, 1986.

Dick Fickle, Platte City, for appellants; Clevenger, Fickle & McGinness, of counsel.

Thomas B. Alleman, Kansas City, for respondents; Niewald, Waldeck, Norris & Brown, of counsel.

Before MANFORD, P.J., and PRITCH-ARD and TURNAGE, JJ.

PRITCHARD, Judge.

Plaintiffs, on February 4, 1985, filed their pro se action against defendants based upon legal negligence (Count I), and upon a contract for professional tax services (Count II). It is alleged that in or about May or June, 1973, plaintiffs retained and employed defendants as their attorneys, and each defendant agreed to represent and advise them on certain tax matters arising from their failure to file tax returns and pay taxes during the period of 1967 to 1972, inclusive; and "Pursuant to that representation, defendants, and each of them, advised plaintiff that he should have no contact with the taxing authorities and should take no action with respect to filing tax returns until and unless defendants advised him to do so."

Plaintiffs pleaded further: "(a) defendants, and each of them, failed to take the necessary action to bring plaintiffs' filings current with the appropriate taxing authorities; (b) defendants, and each of them,

failed to advise plaintiffs that they had not taken the necessary action to bring plaintiffs' filings current with the appropriate taxing authorities, but instead continued to advise plaintiffs that the matter was being handled appropriately; (c) defendants, and each of them, failed to advise plaintiffs of any termination of their representation, failing thereby to communicate to plaintiffs the need for plaintiffs to act on their own behalf, and without their advice, to meet his obligations under the tax laws." These allegations are incorporated by reference in each count of the petition.

The trial court sustained a motion to dismiss and dismissed both counts of the petition upon the ground that the five year statute of limitation, § 516.120, RSMo 1978, had run on both claims. In so doing, the trial court adopted defendants' contention that the last date upon which these causes of action could have accrued was April 16, 1974, when it necessarily became apparent to plaintiffs that no tax returns for 1973 or prior years had been prepared because their signatures had not been obtained for any filings.

Plaintiffs say in their Point I that the trial court failed to construe their petition liberally and favorably, giving them the benefit of all fairly deductible inferences and resolved uncertainty against them by adopting a statute of limitation date (April 16, 1974) which was not apparent from the face of the petition. In Point II, the matter is expanded to contend that the trial court failed to confine its ruling to the face of the petition in that it went outside the petition to determine a date (April 16, 1974) on which it deemed the statute of limitations to have commenced running. In Point III, it is said that plaintiffs' damages were not sustained and capable of ascertainment on the date the court adopted.

The only dates appearing in the allegations of the petition are that of the employment of defendants, in May or June, 1973, in the matters arising from their failure to file tax returns for the years from 1967 through 1972. These returns were due to be filed and any tax paid on April 15

of each of those years. 26 U.S.C. § 6072(a); and § 143.511, RSMo 1978. Thus, they were long past due, and the returns could have been filed and the tax paid at any time subsequent to the employment date, subject to the possible imposition of penalties and interest under 26 U.S.C. § 6651 and § 143.741, RSMo 1978, unless it could be shown that the failure to file the returns was due to reasonable cause and not due to willful neglect. There is no allegation that defendants were employed to assist plaintiffs in the preparation of their 1973 returns, the due date for the filing of which would have been on April 15, 1974. The date of April 16, 1974, is irrelevant to any duties defendants were to undertake to assist plaintiffs in their predicament of failure to file returns and pay taxes for 1967 through 1972. There is nothing determinable from the face of the petition to justify using the date of April 16, 1974, for the start of the running of the statute of limitations.

As to the allegation that the defendants continued to advise plaintiffs that the tax matter was being handled appropriately, no date or dates of such advice is set forth in the petition. It may be that if there is evidence of the giving of such advice and the date or dates thereof are established in further proceedings, a factual issue may be created as to whether § 516.280, RSMo 1978, would toll the running of the five year statute, and whether, if so, plaintiffs were guilty of any lack of due diligence during any extended limitation period to discover the true facts.

Plaintiffs pleaded that they have suffered injury and damage in the assessment of penalties and interest as a direct and proximate result of defendants' acts and omissions to act, which would have been avoided but for the acts and omissions. No date of the assessment is pleaded by which it could be ascertained when their damages were sustained so as to start the running of the statute of limitations under cases such as *Dixon v. Shafton,* 649 S.W.2d 435 (Mo. banc 1983).

 It is clear under the cases that where it clearly appears from the petition that a cause of action is barred by limitations, a motion to dismiss on that ground is properly sustained. *Uber v. Missouri Pacific Railroad Co.,* 441 S.W.2d 682, 683[1] (Mo.1969); *Hall v. Smith,* 355 S.W.2d 52, 55[1–5] (Mo.1962); *Burr v. National Life & Accident Insurance Company,* 667 S.W.2d 5, 7[1] (Mo.App.1984). Conversely, where the petition *does not* show on its face that it is barred by limitations, a motion to dismiss should not be sustained. It may be that evidence introduced at trial will show that plaintiffs' action is barred, but at this pretrial stage in this case that matter may not be ruled from the face of the petition.

The judgment is reversed and the case is remanded with directions to reinstate plaintiffs' petition.

All concur.