William K. BRITTON and Marilyn F. Britton, Plaintiffs/Appellants,

v.

Jerome R. HAMILTON, et al., Defendants/Respondents.

No. 52510.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 1, 1987.

Michael F. Merritt, Creve Coeur, for plaintiffs/appellants.

Michael A. Turken, St. Charles, for defendants/respondents.

SATZ, Chief Judge.

Plaintiffs William and Marilyn Britton appeal the dismissal with prejudice of their cause of action against defendant Jerome Hamilton. The trial court dismissed the suit after finding it was barred by the five-year statute of limitations. § 516.120, RSMo.1986. We reverse.

The instant dismissal was based on the following procedural history:

| | |
|---|---|
| June, 1980 | Hamilton and Bryant sue the Brittons. Brittons file an Answer and Counterclaim. |
| May, 1983 | The parties voluntarily dismiss claims. |
| July, 1983 | Brittons (now plaintiffs) sue Hamilton and Bryant (now defendants) for breach of contract and tortious interference with contract. |
| June 28, 1985 | Plaintiffs' cause of action dismissed for failure to prosecute with leave to refile. |
| July 8, 1985 | Plaintiffs refile cause of action. |
| July 16, 1986 | Plaintiffs file first amended petition. |
| July 28, 1986 | Plaintiffs file second amended petition. |
| November 10, 1986 | Trial court dismisses plaintiffs' cause of action with prejudice because barred by statute of limitations. |

Plaintiffs argue the June 28, 1985 dismissal began the running of the one-year grace period provided for in the "savings statute" (§ 516.230 RSMo.1986) giving them until June 27, 1986 to refile their suit. Therefore, plaintiffs argue, the refiling on July 8, 1985 was within the statute of limitations. We agree.

Missouri's "savings statute", § 516.230, provides as follows:

If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; and if the cause of action survive or descend to his heirs, or survive to his executors or administrators, they may, in like manner, commence a new action within the time herein allowed to such plaintiff, or, if no executor or administrator be qualified, then within one year after letters testamentary or of administration shall have been granted to him. § 516.230 RSMo. 1986.

Plaintiffs' cause of action accrued in January and February of 1980. Thus, the July, 1983 filing was well within the five-year statute of limitations. The June 28, 1985 dismissal for failure to prosecute constituted a nonsuit within the meaning of § 516.230. See, Ritter v. Aetna Cas. & Sur. Co., 686 S.W.2d 563, 565 (Mo.App. 1985); Nicholson v. Nicholson, 685 S.W.2d 588, 589 (Mo.App.1985). This dismissal began the running of the one-year grace period in the savings statute. See, e.g., Atkinson v. Be–Mac Transport, Inc., 595 S.W.2d 26, 28 (Mo.App.1980).

Plaintiffs took a voluntary dismissal before the dismissal they claim began the running of the grace period. This does not change the result. The action giving rise to the benefit of the savings clause, may be the first action or a subsequent one, so long as it was filed within the original period of limitations. Cady v. Harlan, 442 S.W.2d 517, 519 (Mo.1969). However, plaintiffs get the benefit of the savings statute only once. Once the provisions of § 516.230 are invoked, a plaintiff has one year to file his action and the dismissal of an action so filed does not give rise to any subsequent one-year periods. Id.

Defendant makes three arguments why plaintiffs suit is barred. None has merit. First, defendant argues plaintiffs should have pled facts in their petition showing they came within an exception to the five-year statute of limitations. E.g., Wilbur Waggoner Equipment v. Clark Equipment, 668 S.W.2d 601, 602 (Mo.App.1984).

This argument fails because such pleading is not required where, as in the instant case, the trial court's records reveal the basis for plaintiff's avoidance of the statute of limitations. See Bennett v. Metropolis Pub. Co., 148 S.W.2d 109, 111 (Mo. App.1941). The trial court was bound to

take judicial notice of the 1985 dismissal which granted plaintiff leave to refile. *Id.*

Second, defendant argues plaintiffs failed to exercise due diligence in serving co-defendant Bryant. Defendant further argues the suit should be dismissed because Bryant was never made a party. Rule 52.04. The trial court did not base its dismissal on this ground and made no finding plaintiffs' failed to exercise due diligence. More importantly, in the case cited by defendant, the court did hold plaintiff failed to exercise due diligence in serving one defendant causing the statute of limitations to run against it. However, the court remanded for submission of the case to the jury against the remaining defendant. *Atkinson*, 595 S.W.2d at 31 (Mo.App.1980).

█ Finally, defendant argues the trial court's dismissal in June, 1985 was "with prejudice" and therefore 516.230 does not apply. This argument borders on the specious. According to Rule 67.03 "any involuntary dismissal ... shall be with prejudice unless the court in its order for dismissal shall otherwise specify". The trial court here specifically stated "plaintiff granted leave to refile under local rules". Local rule 8.2(a) of the Eleventh Judicial Circuit states cases on the dismissal docket are "subject to dismissal *without prejudice*". (Emphasis added). Clearly, the June, 1985 dismissal was without prejudice.

Plaintiffs' original suit was filed within the statute of limitations. The dismissal of this suit gave plaintiffs the benefit of the one-year grace period per § 516.230. Plaintiffs timely refiled within the year and thus their suit was improperly dismissed.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

KELLY and CRIST, JJ., concur.