**MENTAL HEALTH ASSOCIATES, INC., Plaintiff,**

v.

**Frank K. CARLSON, d/b/a Carlson & Associates, Defendant/Third–Party Plaintiff–Respondent,**

v.

**Denise E. HOHLT and Arthur F. Hohlt, Third–Party Defendants–Appellants,**

and

**Eric M. Hohlt and Richard Broeker, Third–Party Defendants.**

**No. 61216.**

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 4, 1992.

Timothy J. Phillips, Don V. Kelly, St. Louis, for appellant.

Craig E. Hellmann, Union, for respondent.

* All statutory references are to RSMo 1986.

GRIMM, Presiding Judge.

Denise and Arthur Hohlt, clients, appeal from the trial court's order dismissing their counterclaim against attorney Frank Carlson. The dismissal was on the ground the statute of limitations had run. We reverse and remand.

## I. Background

Plaintiff, Mental Health Associates, Inc., in its action against attorney, sought fees for services rendered. Attorney then filed a third-party petition against clients seeking indemnity as well as attorney's fees.

In response to the third-party petition, clients filed a two-count counterclaim against attorney. One count sought damages for alleged malpractice in handling a collection matter. The other count sought damages for failure to withdraw a lien in a personal injury claim.

Attorney filed a motion to dismiss the counterclaim, which was sustained. All other claims have been disposed of and the court's judgment is final for appeal purposes.

Clients appeal only the dismissal of their malpractice count. They contend the trial court erred in ruling their claim was barred by the five-year statute of limitations, § 516.120.* We agree; it is not clear from the pleadings that the cause of action is barred by the statute of limitations.

## II. Clients' Counterclaim

In reviewing the dismissal of clients' counterclaim, "we allow the pleading its broadest intendment, treat all facts alleged as true, and construe the allegations favorably" to clients. *Martin v. Crowley, Wade & Milstead, Inc.*, 702 S.W.2d 57, 57 (Mo. banc 1985).

Thus construed, the counterclaim alleges these facts. In June, 1983, clients hired attorney to sue Jan Clift, Sandra Clift, and Francylee Read. On February 7, 1984, attorney obtained a judgment against Read but failed to take any action against the Clifts.

About that same time, attorney became aware that Read owned property in Arkansas. However, until June 1985, attorney "made little or no efforts to satisfy the judgment by taking action against the Arkansas property." After June, 1985, attorney attempted to hire an Arkansas attorney to register the Read judgment, but he "never succeeded in registering the Read judgment in Arkansas." In September, 1985, Read sold the property and "obtained $61,000 out of the sale."

Between February 7, 1984 and September 1985, clients made "repeated requests" upon attorney to take action to get the judgment satisfied. Attorney failed to do so. As a result, Read disposed of her asset and no longer has any assets to satisfy the judgment.

### III.  Statute of Limitations

■■ The parties agree that an action for legal malpractice must be brought within five years after it accrues. § 516.120(4). A cause of action accrues "when the damage resulting [from the wrong] is sustained and is capable of ascertainment," not when the wrong is done or the breach of duty occurs. § 516.100; *see also Zero Mfg. Co. v. Husch,* 743 S.W.2d 439, 441 (Mo.App. E.D.1987). Damage is sustained and capable of ascertainment when it can be discovered or made known, even though amount of damage is unascertainable. *Id.*

Consequently, this case turns on whether there was damage which was capable of ascertainment more than five years prior to filing of the counterclaim on July 6, 1990. Attorney contends that "at the latest, [clients'] cause of action accrued in February, 1984, when [attorney] allegedly failed to pursue [clients'] collection matter in a diligent manner." Further, he argues "[clients] knew ... that [attorney] failed to pursue a collection case against Jan and Sandra Clift ... [and] it is apparent that [clients] were aware that they had suffered an injury which ultimately resulted in their harm."

The counterclaim does not disclose when clients were harmed by attorney's inaction toward the Clifts. Clients may have been harmed when the statute of limitations governing their claim against the Clifts had run, thus barring their claim. However, the counterclaim does not disclose that date. The facts before us are insufficient to find that the statute of limitations concerning the Clifts commenced running more than five years before the counterclaim was filed.

We turn to the judgment against Read. The judgment was obtained in February, 1984. Read owned property in Arkansas until September, 1985, when she sold it. Attorney had more than 18 months to register the judgment but failed to do so. Had attorney registered the judgment, clients may have received payment on their judgment.

Giving the counterclaim "its broadest intendment" and construing "the allegations favorably" to clients, clients' damage may not have been sustained or capable of ascertainment until Read sold her property in September, 1985. Under this construction, clients' July, 1990 counterclaim was filed within the five year statute of limitations.

On the other hand, damage may have been sustained and capable of ascertainment earlier than September, 1985. For example, someone else may have levied on the property after clients received their judgment against Read. If this occurred before July 6, 1985, the five year statute of limitations would have run before clients filed their counterclaim. Under these facts, clients' counterclaim would be barred. Thus, from the counterclaim facts, we cannot determine when or if damage was sustained or capable of ascertainment more than five years prior to the filing of the counterclaim.

When the facts alleged in the counterclaim clearly establish that the claim is barred by the appropriate statute of limitations, then "a motion to dismiss on that ground is properly sustained." *Miller v. Larson,* 712 S.W.2d 56, 58 (Mo.App.W.D. 1986). But "where the [counterclaim] *does not* show on its face that it is barred by limitations, a motion to dismiss should not be sustained." *Id.* (emphasis original).

There may be facts that show clients' action is barred by the statute of limitations. If so, they may be developed and considered on a motion for summary judgment or at trial. Those facts are not before us. Thus, the "matter may not be ruled from the face of the [counterclaim]." *Id.*

The judgment is reversed and remanded.

CARL R. GAERTNER, C.J., and CRANDALL, J., concur.