**Rudy LEHNIG and Kay Lehnig,
Plaintiffs/Appellants,**

v.

**Norbert BORNHOP and Frank Conard,
Defendants/Respondents.**

No. 62856.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 24, 1993.

Rochelle Ann Kaskowitz, St. Louis, for plaintiffs, appellants.

Frank Arthur Conard, St. Charles, for defendants, respondents.

CRAHAN, Judge.

Rudy and Kay Lehnig ("Plaintiffs") appeal from the trial court's order sustaining Norbert Bornhop and Frank Conard's ("Defendants") motion to dismiss their claims with prejudice on the ground that they

were barred by the applicable statute of limitations. We reverse and remand.

■ In reviewing the dismissal of a petition, we allow the pleading its broadest intendment, treat all facts alleged as true, and construe the allegations favorably to the plaintiffs. *Martin v. Crowley, Wade & Milstead, Inc.*, 702 S.W.2d 57, 57 (Mo. banc 1985).

Plaintiffs' petition alleges that Defendant Conard, an attorney, suggested that they invest in a low risk limited partnership to shelter their earnings from taxes. Plaintiffs invested a total of $30,000. Conard made Plaintiffs' investments in Glenco Partners, Ltd. through a partnership known as Fairways Investment Company. Defendant Bornhop, an accountant, was the general partner of Fairways. Periodically, over the next few years, Plaintiffs asked Conard how their investment was doing. Conard assured them that everything was "going alright."

Sometime before July 30, 1986, the IRS notified Plaintiffs that the 1982 tax deduction resulting from their investment had been disallowed. Plaintiffs thereafter contacted Conard regarding the status of their 1982 tax deduction. Conard wrote to Plaintiffs on July 30, 1986, telling them that Bornhop had inquired into the matter and had told him that the IRS statements were false and none of the deductions had been disallowed.[1] Conard advised Plaintiffs to take a "wait and see attitude."

Plaintiffs made periodic requests to Conard and Bornhop to provide them with the offering memorandum for Glenco Partners. Despite the fact that Defendants had copies of the memorandum from the time Plaintiffs originally made their investment, Plaintiffs did not receive the offering memorandum, entitled "Confidential Private Placement Memorandum," until December, 1987. Plaintiffs then realized for the first time that they had entered into a very high risk investment for which they were not qualified under the express terms of the offering memorandum. On December 30, 1987, Conard sent Plaintiffs a letter advising them to sign a tax decision which represented a settlement of the 1982 tax deficiency relating to their investment.

On November 6, 1991, Plaintiffs filed suit against Defendants. On May 29, 1992, Plaintiffs filed a second amended petition.[2] Defendants filed a motion to dismiss Plaintiffs' petition on the ground that the claims were barred by the statute of limitations. The trial court entered an order sustaining Defendants' motion.[3] This appeal followed.

On appeal, Plaintiffs contend that the trial court erred in dismissing their petition because it was filed within five years of December, 1987, which they assert was when the action accrued. Specifically, Plaintiffs argue that the trial court erred in dismissing their action because the pleading did not clearly establish that the time under the applicable statute had run.

■ The statute of limitations is an affirmative defense. Rule 55.08; *Schwartz v. Lawson*, 797 S.W.2d 828, 835 (Mo.App.1990). When the petition does not show on its face that it is barred by limitations, a motion to dismiss should not be sustained. *Miller v. Larson*, 712 S.W.2d 56, 58 (Mo.App.1986). For an affirmative defense to be sustained upon a bare motion to dismiss, the defense must be irrefutably established by plaintiffs' pleadings. *McLeod v. Marion Laboratories, Inc.*, 600 S.W.2d 656, 657 (Mo.App.1980).

Plaintiffs' petition asserts claims of (1) fraudulent misrepresentation, (2) breach of fiduciary duty, and (3) attorney malpractice based on allegations that Defendants made false representations to them regarding the degree of risk involved, the availability of tax deductions and Plaintiffs' suitability for the investment. The parties agree that the

---

**1.** Unbeknownst to Plaintiffs, however, Bornhop had received communications concerning the disallowances as early as August 28, 1984.

**2.** The claims in that petition arose out of the same alleged conduct as in the initial petition.

**3.** Defendants did not allege any particular statute of limitations in their motion to dismiss, and the trial court's order did not specify a particular statute.

applicable statute of limitations for all of the claims is five years. § 516.120 RSMo 1986. The issue on appeal is when the statute of limitations began to run.

■ The accrual of a fraud claim is governed by § 516.120(5), which provides:

(5) An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.

Accordingly, an action for fraud accrues not when the damage occurs or can be ascertained, but when "facts constituting the fraud are discovered." *Schwartz v. Lawson,* 797 S.W.2d at 832.

■ Plaintiffs allege that in December, 1987, they received a copy of the Confidential Private Placement Memorandum published by Glenco Partners, which led them to realize for the first time that (1) their investments involved "a very high degree of risk;" (2) there was no assurance that tax benefits would be available; and (3) they did not meet the suitability standards required to invest in Glenco Partners. This, Plaintiffs contend, is when facts constituting the fraud were discovered and thus when the action for fraud accrued.

Defendants' motion to dismiss did not assert that Plaintiffs discovered facts constituting fraud prior to December, 1987. Defendants contend on appeal, however, that Plaintiffs had sufficient facts to suspect fraud when they received a letter from the IRS disallowing their 1982 tax deduction, sometime prior to July 30, 1986.

Nothing on the face of the petition clearly establishes that Plaintiffs discovered facts constituting fraud prior to December, 1987. In fact, Plaintiffs' petition alleges that Conard told Plaintiffs that Bornhop had followed up on the IRS letter, and had indicated that the IRS statements were false and none of the deductions had been disallowed. Conard advised Plaintiffs to take a "wait and see attitude." We find such allegations are at least sufficient to present a factual issue with respect to whether Plaintiffs had sufficient notice of

the fraud when they received the IRS letter.

Additionally, Defendants acknowledged at oral argument that Plaintiffs had pleaded two kinds of fraud: (1) that they would get tax deductions and (2) that they were suitable persons to participate in the investment. Defendants also conceded that merely receiving a notice from the IRS would not necessarily put Plaintiffs on notice that Defendants had misrepresented their suitability as investors. Therefore, the trial court erred in dismissing Plaintiffs' action for fraud because of the statute of limitations.

■ Section 516.120(4) requires that both an action for breach of fiduciary duty and an action for attorney malpractice be brought within five years of when the action accrues. Section 516.100 explains how to determine when the action accrues:

[T]he cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

Damage is sustained and capable of ascertainment when it can be discovered or made known, even though the amount of damage is unascertained. *Mental Health Associates v. Carlson,* 835 S.W.2d 551, 553 (Mo.App.1992).

Plaintiffs contend that the earliest date when damage could have been discovered was December 30, 1987, the date on which they received a letter from Conard advising them to sign a tax decision settling a 1982 tax deficiency relating to their investment. This was the first time Plaintiffs had to pay any money. This, Plaintiffs contend, is when damage could be discovered and thus when the action for breach of fiduciary duty and for attorney malpractice accrued.

Defendants' motion to dismiss did not assert that Plaintiffs' damages were sustained and capable of ascertainment prior to December 30, 1987. On appeal, howev-

er, Defendants contend that any damages Plaintiffs may have received were capable of ascertainment, and in fact, were ascertained, sometime prior to July 30, 1986, when Plaintiffs received the letter from the IRS disallowing Plaintiffs' 1982 tax deduction. As discussed above, however, Plaintiffs' petition alleges that Conard told Plaintiffs that Bornhop's inquiry indicated that the IRS notice was erroneous and that they should take a "wait and see attitude." In light of these allegations, we hold that Plaintiffs' petition does not irrefutably establish that any damage resulting from the breach of fiduciary duty and attorney malpractice was both sustained and capable of ascertainment more than five years before the action was filed. Therefore, it was error for the trial court to dismiss Plaintiffs' cause of action for breach of fiduciary duty and for attorney malpractice.

The judgment is reversed and the case is remanded with directions to reinstate Plaintiffs' petition.

CARL R. GAERTNER, P.J., and CRANE, J., concur.