Rudy **LEHNIG** and Kay **LEHNIG**,
Plaintiffs/Appellants,

v.

Norbert **BORNHOP** and Frank **Conard**,
Defendants/Respondents.

No. 66192.

Missouri Court of Appeals,
Eastern District,
Division Six.

April 11, 1995.

Rochelle Kaskowitz, St. Louis, Laurence D. Mass, Clayton, for appellants.

Frank A. Conard, St. Charles, for respondents.

GRIMM, Chief Judge.

Plaintiffs appeal the trial court's dismissal of their case as barred by the statute of limitations. We find that this court addressed this issue in a previous appeal and our earlier decision is the law of the case. Accordingly, we reverse and remand.

In 1991, plaintiffs brought suit against defendants alleging (1) fraudulent misrepresentation, (2) breach of fiduciary duty, and (3) attorney malpractice. Defendants filed a motion to dismiss on the ground that plaintiffs' second-amended petition was barred by the statute of limitations. The trial court granted this motion and plaintiffs appealed. *See Lehnig v. Bornhop*, 859 S.W.2d 271 (Mo. App.E.D.1993) (hereafter *Lehnig I* ).

On appeal, this court determined that the parties agreed that § 516.120 * was the applicable statute of limitations. *Id.* at 272–73. This court also found that the five-year time period had not run. *Id.* at 274. Accordingly, the case was reversed and remanded, and plaintiffs' petition was reinstated. *Id.*

On remand, plaintiffs filed a third-amended petition. The causes of action remained essentially unchanged.

* All statutory references are to RSMo 1994.

On January 3, 1994, defendants filed a "Motion to Dismiss for Failure of Statute of Limitations." The memorandum in support of this motion stated that "[a]dditional research by Defendants after reinstatement of Plaintiffs' petition has produced case law which supports the present Motion to Dismiss for Failure of Statute of Limitations." Defendants alleged that the shorter statutes of limitation from state and federal securities laws, i.e. three years or less, should apply. *See* § 409.411(e); 15 U.S.C. § 77m; 15 U.S.C. § 78i(e). On January 28, 1994, the trial court denied this motion.

On April 19, 1994, defendants filed the exact same "Motion to Dismiss for Failure of Statute of Limitations." The motion was presented to a different judge, who sustained it. That judge found the statute of limitations was three years.

Although plaintiffs raise two points of error, their first point is dispositive. In that point, they allege that the trial court erred in dismissing this case because the statute of limitations issue has already been addressed by this court. We agree.

■ Unless there is a change in the issues or evidence, a previous appellate court holding constitutes the law of the case and concludes any issues decided on remand or subsequent appeal. *Kansas City v. Keene Corp.*, 855 S.W.2d 360, 366 (Mo. banc 1993). "No issue decided in the first appeal will be readdressed on the second." *Boillot v. Conyer*, 861 S.W.2d 152, 154 (Mo.App.E.D. 1993). Further, the "law of the case" rule also applies to matters which arose prior to the first appeal and which might have been presented at that time but were not. *Protection Mut. Ins. Co. v. Kansas City*, 551 S.W.2d 909, 915 (Mo.App.W.D.1977).

This court addressed the statute of limitations issue in *Lehnig I. See Lehnig I*, 859 S.W.2d at 272–73, 274. The theories defendants now argue were available to them during the first appeal. The causes of action have not changed and there has been no new evidence. Accordingly, our ruling in *Lehnig I* is the law of the case.

The trial court's judgment is reversed and the case is remanded with directions to reinstate plaintiffs' petition.

CRANDALL and WHITE, JJ., concur.

