**Kenneth HEINTZ, Plaintiff/Appellant,**

v.

**David SWIMMER, Defendant/Respondent.**

No. 68304.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 12, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 30, 1996.

Application to Transfer Denied
June 25, 1996.

Eric J. Snyder, Clayton, for appellant.

Charles E. Reis, Brown & James, St. Louis, for respondent.

AHRENS, Presiding Judge.

On May 12, 1994, plaintiff, Kenneth Heintz ("client"), filed suit against defendant, David Swimmer ("attorney"), alleging negligence, breach of contract, and breach of fiduciary duties arising out of attorney's representation of client in various legal matters. This is the fourth suit client has filed against attorney. The first three suits were dismissed without prejudice. Attorney responded to client's petition in this suit with a motion to dismiss, asserting the affirmative defense of the statute of limitations. The trial court granted the motion and dismissed the cause of action with prejudice. Client appeals the dismissal. We reverse and remand.

"The scope of review on a motion to dismiss requires that the court examines the pleadings allowing them their broadest intendment, treating all facts alleged as true and construing the allegations favorably to the client." *Anderson v. Griffin, Dysart, Taylor, Penner & Lay, P.C.*, 684 S.W.2d 858, 859 (Mo.App.1984).

The facts, giving the petition its broadest intendment and accepting the allegations as true, are as follows: Client retained attorney in the spring of 1981 for legal representation regarding a settlement agreement arising out of the dissolution of his marriage and a judgment on a note and deed of trust. The attorney/client relationship between the two continued until February 1, 1985, when attorney withdrew from his representation of client.

At the time of the dissolution of their marriage, client and his former wife owned a twenty acre parcel of property in St. Louis County. The property was encumbered by a note and a deed of trust. The dissolution agreement provided for the property to be sold immediately with the proceeds applied to the balance of the note and any remainder divided equally between client and his ex-wife. There was some dispute between client and his ex-wife regarding payments under the dissolution agreement and before the property could be sold, a foreclosure proceeding was instituted. Client's former wife transferred $10,000 to the holder of the note and her parents transferred more than

$37,000 for assignment of the note and deed of trust. At this time, client believed he was no longer obligated on the note and when he inquired of attorney regarding his obligation, attorney agreed with his assessment.

Client wished to have sole ownership of the property and he directed attorney to negotiate a transfer of ownership from his ex-wife. Attorney negotiated a settlement agreement which was executed by client on March 22, 1983. The agreement required client to assume the entire remaining balance on the note ($53,735.09) and to pay his former wife $75,000 for her interest in the property which was worth approximately $25,000 at the time. Attorney recommended the agreement to client without explanation of its terms. Client mistakenly believed he was to pay a total of $75,000 which included full payment of the balance of the note with the remainder to his former wife for her equity in the property. Client signed the agreement, realizing only later he was required to pay almost $54,000 more than originally expected.

Attorney also brought a declaratory judgment action on client's behalf, requesting the court declare client was not liable on the note. Client contends it was negligent of attorney to assert such an argument which was in direct contradiction to the terms of the settlement agreement. As a consequence of that action, client incurred attorney's fees for himself and his former wife, suffered judgment entered against him, and was required to pay his former wife the $10,000 she had paid on the note.

As mentioned, client has named attorney or his firm in three previous lawsuits alleging legal malpractice and arising out of the same and similar occurrences as set forth above. For purposes of discussion, we set forth the litigation history between these two parties:

| | |
|---|---|
| 1981 | Client and attorney began attorney/client relationship. |
| March 22, 1983 | Client entered into settlement agreement with his former wife. |
| February 1, 1985 | Attorney withdrew from legal representation of client. |
| March 5, 1987 | Client filed first action against David R. Swimmer & Associates, alleging legal malpractice regarding marriage dissolution and wrongful discharge. |
| July, 1987 | Client filed second action against attorney, alleging legal malpractice in attorney's handling of wrongful discharge claim. |
| November 9, 1987 | First action dismissed as to attorney without prejudice because David R. Swimmer & Associates is not an entity capable of being sued. |
| February 22, 1988 | Client filed first amended petition in second action. |
| March 21, 1988 | Client filed third action against attorney. |
| July 19, 1988 | Second action dismissed without prejudice. |
| October 2, 1989 | Client filed second amended petition in third action. |
| May 13, 1993 | Third action dismissed without prejudice for failure to prosecute. |
| May 12, 1994 | Client filed fourth action against attorney. |
| March 13, 1995 | Fourth action dismissed with prejudice. |

In his first point, client contends the court erred in granting attorney's motion to dismiss because: (1) attorney did not specifically allege the applicable provision of the statute of limitations; (2) the statute of limitations did not bar the cause of action; (3) attorney did not specifically plead facts which demonstrate the statute of limitations bars client's cause of action; and (4) client's petition did not clearly show on its face that the statute of limitations barred the cause of action.

■ We first address client's claim that attorney's motion to dismiss did not properly raise the statute of limitations defense. The statute of limitations is an affirmative defense, and as such, it must be raised in the responsive pleadings. Rule 55.08. Missouri courts also require the party asserting the statute of limitations to plead the specific statutory section relied upon. *Reed v. Rope,* 817 S.W.2d 503, 507 (Mo.App.1991); *Southwestern Bell Telephone Co. v. Buie,* 758 S.W.2d 157, 161 (Mo.App.1988), citing *Knisely v. Leathe,* 256 Mo. 341, 166 S.W. 257, 261 (1914). Attorney's motion to dismiss stated: "The causes of action asserted in plaintiff's Petition are barred by the applicable statute

of limitations and cannot be revived by the plaintiff filing this lawsuit." There is no reference to any particular statutory provision. This phrase does not satisfy the necessity of pleading the particular provision relied upon. *Livingston v. Webster County Bank,* 868 S.W.2d 154, 156 (Mo.App.1994) (motion to dismiss which pleaded "barred by the applicable Missouri Statute of Limitations" did not plead the particular statute of limitation and was deficient); *Tudor v. Tudor,* 617 S.W.2d 610, 613 (Mo.App.1981) (defendant's allegation that plaintiff's claim was "barred by the statute of limitations" held insufficient to raise the affirmative defense); *Gibson v. Ransdell,* 188 S.W.2d 35 (1945) (court held it could not rule upon statute of limitations defense where inapplicable section was specified in pleadings). We find that attorney's motion to dismiss was insufficient to raise the affirmative defense of statute of limitations.

We now turn to client's claim that the petition did not clearly show on its face that the statute of limitations barred the cause of action. A motion to dismiss properly raises the defense of the statute of limitations when it is clear from the face of the petition that the action is barred by time limitations. *Miller v. Larson,* 712 S.W.2d 56, 58 (Mo.App.1986). "Conversely, where the petition *does not* show on its face that it is barred by limitations, a motion to dismiss should not be sustained." *Id.* (emphasis original). Our research reveals, and attorney concedes, that § 516.120(4) RSMo is the limitations provision applicable to legal malpractice actions. *Mental Health Associates, Inc. v. Carlson,* 835 S.W.2d 551, 553 (Mo.App. 1992). This section provides a five year limitations period. § 516.120 RSMo, 1994. The limitations period begins to run when the cause of action accrues, which is when the damage "is sustained and is capable of ascertainment." § 516.100 RSMo, 1994. This court has determined that "[d]amage is sustained and capable of ascertainment when it can be discovered or made known, even though amount of damage is unascertainable." *Mental Health Associates,* 835 S.W.2d at 553.

Client does not argue the present action was brought within the five-year limitations period. Instead, he contends his third cause of action against attorney was brought within the five-year limitations period and that he is allowed to bring the present cause of action by virtue of Missouri's savings statute. The savings statute provides:

If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit ... such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered ...

Section 516.230 RSMo, 1994. However, before client may rely on the savings statute, he must show that his third suit was brought within the five-year limitations period.

Therefore, we must determine whether client's claimed damages, as a result of the alleged negligent actions, were sustained and capable of ascertainment within five years prior to the filing of client's third petition on March 21, 1988. Client's petition alleges three instances of legal malpractice. First, client alleges attorney negligently advised client that he was no longer obligated on a promissory note which had been paid in full by client's ex-wife and her parents. Second, client alleges attorney negligently negotiated and recommended a settlement agreement between client and his former wife which required client to pay more than fair market value for property client wished to acquire from his ex-wife. The settlement agreement was executed on March 22, 1983. Finally, client alleges malpractice in attorney's institution of a declaratory judgment action and use of an argument which directly contradicted client's position regarding the settlement agreement. From the face of the petition, it is unclear when the negligent advice concerning the promissory note was given and when the declaratory judgment action was brought. Additionally, client's petition does not allege when he sustained damage as a result of these negligent actions.

We must give the petition its "broadest intendment" and construe the allegations

favorably to client in an attempt to determine when client's damages were sustained and capable of ascertainment. Viewed in that light, some or all of client's alleged damages may not have been sustained or capable of ascertainment until on or after March 22, 1983, the date the settlement agreement was executed. Under that construction, client's third action, filed March 21, 1988, was brought within the five year statute of limitations.

■ Attorney argues the savings statute is not available to client in this instance because the savings statute may aid a plaintiff only once. Attorney contends client has relied upon the savings statute twice before and therefore may not do so in this instance. Attorney is correct in his assertion that a plaintiff may receive the benefit of the savings statute only once. *Britton v. Hamilton,* 740 S.W.2d 704, 705 (Mo.App.1987). However, we have thoroughly reviewed the record and we find no evidence that client has previously relied on the savings statute. The action giving rise to the benefit of the savings statute may be the first action or a subsequent one, so long as it was filed within the original period of limitations. *Id.* As previously noted, construed under the required standard of review, client's third action was brought within the five year statute of limitations. When client's third action was dismissed without prejudice on May 13, 1993, the one-year savings statute grace period began running. Client's present action, filed on May 12, 1994, was brought within the savings statute grace period.

■ We must reverse the trial court's dismissal because the face of the petition does not clearly show client's action is barred by limitations. There may be facts which demonstrate client's cause of action is barred by the statute of limitations, but these facts are not contained in the petition and thus, cannot be considered on a motion to dismiss. Should those facts be developed, the limitations defense may be raised at trial or by a motion for summary judgment.

Client, in his first point relied on, argues that attorney's assertion of the statute of limitations defense contains additional defects. However, because we have found that the statute of limitations defense was not properly pled and could not be raised by a motion to dismiss in this instance, we will not address client's arguments regarding additional defects. We will also not address client's second point relied on regarding res judicata because attorney has abandoned that argument.

■ Client's third point asserts the trial court erred in not granting his motion for sanctions. Attorney contends the motion was never ruled upon by the trial court and thus is not reviewable on appeal. Client's motion for sanctions was made a part of his motion for new trial/reconsideration. The trial court denied client's motion for new trial/reconsideration, and in doing so, denied the motion for sanctions. Thus, the court's ruling on this motion is final for purposes of appeal.

■ However, we believe client's third point does not meet the requirements set forth in Rule 84.04(d). Attorney argues that none of client's points relied on meet the wherein and why requirements of Rule 84.04(d). Although client's first and second points pass the threshold, his third point falls short. We follow the instructions of the Missouri Supreme Court in *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978), when assessing the sufficiency of points relied on. *Thummel* requires:

> After stating the ruling the trial court actually made, it stands to reason that the point should then specify *why* the ruling was erroneous. This requirement essentially contemplates a statement which ordinarily will closely approximate what appellant believes should have been the trial court's conclusion of law on the point being addressed. After stating why the ruling was erroneous, the court then must be informed *wherein* the testimony or evidence gives rise to the ruling for which appellant contends.

*Id.* at 685 (emphasis original). Client's third point fails to discuss why the trial court's

ruling was erroneous. Furthermore, client's attempt at demonstrating wherein the evidence supports his motion for sanctions turns the point into a tedious listing of allegations which serves only to confuse client's argument. The purpose of the points relied on section of appellate briefs is to inform the court of the issues on appeal and to give notice to the opposing party of the matters which will be addressed on appeal. *Id.* at 686. Client's third point fails to fulfill its informational purpose. An appellate court need not consider allegations of error not properly briefed. Rule 84.13(a). Client's point three preserves nothing for review.

In summary, we conclude attorney failed to plead with particularity the affirmative defense of the statute of limitations. Additionally, we conclude the statute of limitations defense was not properly raised by a motion to dismiss because it is not clear from the face of the petition that client's cause of action is time-barred. The trial court erred in dismissing client's petition on that basis.

Judgment reversed and remanded.

PUDLOWSKI and GRIMM, JJ., concur.