Kathleen M. SERAFIN, Plaintiff–Appellant,

v.

MED 90, INC., a Missouri Corporation, David Walter Grommet and Glenda Grommet, Defendants–Respondents.

No. 68417.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 10, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1996.

Irl B. Baris, St. Louis, for plaintiff–appellant.

Kodner, Watkins, Muchnick & Dunne, L.C., Albert S. Watkins, Richard B. Hein, St. Louis, for defendants–respondents.

KAROHL, Judge.

Plaintiff, Kathleen Serafin, appeals after a judgment against her based on a finding her causes of action were barred by the statute of frauds. She alleged she was contractually entitled to a 50% equity interest in Med 90, Inc., a Missouri corporation. She argues the trial court erred in entering a judgment for the defendants based on the statute of frauds because: (1) she proved the existence of an enforceable contract; (2) even if there was not a sufficient writing, the statute of frauds does not apply because her full performance makes the statute of frauds inapplicable. Additionally, she argues she is entitled to an award of damages, an order of a judicial dissolution of Med 90, Inc. as provided in § 351.494 RSMo 1994, and an appointment of a receiver or custodian pursuant to § 351.498 RSMo 1994 and other relief.

The bifurcated trial took place in November of 1994 and concluded in February of 1995. Med 90, Inc. is a closely held Missouri corporation which was organized to sell medical equipment and supplies to nursing home residents and provide insurance related and Medicare services. Med 90, Inc. was incorporated February 1, 1990, by David Grommet as the sole incorporator. Med 90, Inc. was authorized to issue 30,000 shares of stock with par values of $1 per share. Med 90, Inc.'s annual registration reports filed with the secretary of state for the years 1990–1994 never listed Serafin as an officer or director. Kathleen Serafin and David Grommet each provided $10,000 for initial expenses of the new corporation. There is a dispute whether Serafin's "advance" was intended as a loan or for the purchase of shares of stock. She was later repaid $10,000.

There are many disputed facts. Serafin testified that prior to February 1, 1990, she and David Grommet agreed to join in a business venture in which they would secure nursing home accounts and furnish medical equipment and supplies to such accounts and patients. David Grommet was to form a corporation on their behalf, to be known as Med 90, Inc. Eventually each would own 50% of the corporate stock and share equally in all revenue and assets of the corporation as equal owners. She testified David Grommet delivered a blank certificate of stock in Med 90, Inc. to her which would be formally issued at a future date. The trial court found David Grommet did furnish a blank stock certificate to Serafin. She testified he agreed to sign the certificate after a period of two years. The signing delay was established to protect his interest in a pending lawsuit and Serafin from the enforcement of a noncompete agreement. She said David Grommet, without her consent or knowledge, regained possession of the certificate and issued it to his wife, Glenda Grommet.

According to Serafin, sometime around December 31, 1990, David Grommet assumed complete control over Med 90, Inc. He excluded Serafin from the operation of the business. This multi-count suit was filed so she could obtain the benefit of half the value of a successful corporation.

All defendants, David Grommet, Glenda Grommet, and the corporation, have defended on the narrow contention there was no signed writing between the parties, and therefore, Serafin is barred from recovery by operation of the statute of frauds. They contend the parties never executed any writing memorializing an agreement containing a provision that Serafin would own a share of the business. The only written and signed agreement in evidence is a joint venture agreement between SIA, a separate sole proprietorship operated by Serafin, Med 90, Inc., and another company. This agreement contains no reference to Serafin being an owner, or future owner, of a 50% equity interest in Med 90, Inc.

Defendants also refer to three Med 90, Inc. stock certificates: one dated April 3, 1990, for 500 shares to David Grommet; a second, for 10,000 shares to David Grommet and the third, for 10,000 shares to Glenda Grommet. David Grommet conceded his wife never paid for and never performed any services on behalf of Med 90, Inc. in exchange for the stock certificate. There is a factual dispute as to whether the 10,000

share certificates were dated. Defendants contend even if Serafin at one time possessed a blank certificate which was later issued to Glenda Grommet, the certificate never represented 50% of Med 90, Inc.'s outstanding shares.

The trial court found: (1) the only written agreement involving any party, was a non-probative joint venture agreement; (2) Serafin completed a Medicare–Provider enrollment application for Med 90, Inc. in which she designated David Grommet and Glenda Grommet as each owning 50% of Med 90, Inc.; (3) David Grommet gave Serafin a blank stock certificate, but it was given to Serafin as collateral for a loan she made to Med 90, Inc; and, (4) the corporation repaid the $10,000 loan.

■ The trial court did not expressly decide there was an oral contract. It never expressed a conclusion of law on the issue of whether Serafin's performance of an alleged oral agreement was sufficient to prohibit the application of the statute of frauds. The statute of frauds does not foreclose recovery on oral contracts by application of the statute if the contract has been fully performed by one of the parties. *Straatmann v. Straatmann*, 809 S.W.2d 95, 99 (Mo.App.1991).

However, the trial court's ruling to bar the claims because of the statute of frauds implies a preliminary finding there was an oral contract which was unenforceable. Serafin supplied evidence from which the court could find the terms of an oral contract. Defendants did not rely on but they offered evidence which would support a finding there was no contract. Serafin testified David Grommet entered into an oral agreement in which he would form a corporation, Med 90, Inc., on their behalf. Eventually each would own 50% of the corporate stock of Med 90, Inc. and share equally in the profits of Med 90, Inc. They would receive equal pay. They would share the work. He would perform marketing services for Med 90, Inc., while she would do some marketing services and billing services for the corporation. Pursuant to the agreement, David Grommet delivered a blank certificate of stock which would be issued for 50% of the shares of stock of Med 90, Inc. The stock certificate was then secretly taken from her and issued to Glenda Grommet.

Serafin's testimony, if believed, would support a finding she fully performed every duty and obligation agreed to in the oral contract. The defendants did not argue against the existence of a contract. In fact, David Grommet conceded, arguendo, there was an oral contract. He defended only on the basis the contract was unenforceable because of the statute of frauds.

■ The trial court's judgment was based upon a single conclusion of law. It concluded plaintiff's claims are barred by the statute of frauds. We independently review a question of law. *House of Lloyd v. Director of Revenue*, 824 S.W.2d 914, 916 (Mo. banc 1992).

We hold, as a matter of law, the statute of frauds does not bar recovery on an oral contract where the unopposed evidence, if believed, would support a finding plaintiff fully performed an oral agreement. David Grommet did not rebut Serafin's allegation that she fully performed the oral agreement.

Accordingly, we reverse and remand for the trial court to make findings of fact and conclusions of law on issues of: (1) existence of an oral contract; (2) terms of the contract, if found; and, (3) sufficiency of Serafin's performance to remove the contract, if found, from the statute of frauds. If the court determines there was a contract and Serafin fully performed, the statute of frauds is inapplicable, then the court should also decide the remaining issues. If an oral contract did not exist, or the court finds Serafin insufficiently performed under the terms of the contract, or Serafin is otherwise not entitled to relief, then either of those findings would support re-entry of judgments for defendants.

RHODES RUSSELL, P.J., and SIMON, J., concur.