Byron KLEMME, Appellant,

v.

Robert B. BEST, Jr., individually
and as a member of Watson
& Marshall, L.C.

and

Watson & Marshall, L.C., an assignee of
Watson, Ess, Marshall and Enggas, for-
merly a partnership, Respondents,

and

James Linzie, et al., Defendants.

No. 78949.

Supreme Court of Missouri,
En Banc.

Feb. 25, 1997.

Rehearing Denied March 25, 1997.

Albert J. Yonke, Bruce C. Jackson, Jr., Kansas City, for Appellant.

Dale C. Doerhoff, Jefferson City, for Respondents.

BENTON, Judge.

Byron Klemme sued attorney Robert B. Best, Jr., and his law firm Watson & Marshall, L.C., alleging breach of fiduciary duty and constructive fraud. The circuit court dismissed the petition due to failure to state a claim upon which relief can be granted and the bar of the statute of limitations, § 516.120.[1] Following opinion by the Court of Appeals, this Court granted transfer. *Mo. Const. art. V, § 10; Rule 83.03.* Affirmed.

I.

On May 29, 1986, James and Cathy Linzie filed a 42 U.S.C. § 1983 action in federal

---

1. All references are to the *Revised Statutes of Missouri 1986.*

court against the city of Columbia, the Joint Communications Center and seven police officers, including "Officer Klemme." The Linzies alleged that Klemme and the other officers intentionally killed their nineteen-year-old daughter. Best represented all defendants until February 1987, when Klemme retained separate counsel. On February 19, 1987, the federal court dismissed Klemme with prejudice because the facts did not support a claim against him.

On February 19, 1988, Klemme filed a malicious prosecution action in state court against the Linzies and their attorneys. On September 19, 1994, Klemme filed a fourth amended petition joining Best and Watson & Marshall for the first time.

On April 25, 1995, the circuit court dismissed Best and Watson & Marshall because:

> [Klemme's] petition fails to state a claim against defendants Best and Watson & Marshall L.C. upon which relief may be granted. Specifically, plaintiff has failed to allege facts which, if true, would make a submissible case against these defendants under any recognized theory of Missouri law. The court further finds that the factual allegations in the Fourth Amended Petition show on their face that the claims plaintiff is attempting to assert against defendants Best and Watson & Marshall L.C. are barred by the applicable statute of limitations, § 516.120 RSMo 1986.

The circuit court, finding no just reason for delay, designated the judgment final on these claims. *Rule 74.01(b)*.

## II.

■ A motion to dismiss for failure to state a claim may be sustained only where the petition fails to allege facts essential to a recovery. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). In determining whether sufficient facts exist, the petition is broadly construed in the plaintiff's favor, with all allegations and reasonable inferences accepted as true. *Sheehan v. Sheehan*, 901 S.W.2d 57, 58 (Mo. banc 1995).

The petition alleges the following facts. Before the filing of the federal complaint,

Klemme's attorney Best discussed with opposing counsel the identity of each officer involved in the shooting. Opposing counsel presented Best a draft copy naming "Officer Klemme" as a defendant. Although Best knew Klemme did not participate in the shooting, he did not so inform opposing counsel, allegedly to advance the interest of the city of Columbia and its self-insured association that had retained Best. Best did, however, inform opposing counsel that another officer named in the draft complaint did not participate, and opposing counsel eliminated him as a defendant in the filed complaint. Klemme claims that he first discovered the pre-complaint dealings at depositions of these attorneys in March and April 1994.

Klemme asserts that Best violated the fiduciary duties of fidelity, loyalty, devotion, and good faith. Summarizing these allegations, Klemme characterizes his claims as "constructive fraud and breach of fiduciary duty."

## A.

■ This Court recently defined the elements of a legal malpractice action: (1) an attorney-client relationship; (2) negligence or breach of contract by the defendant; (3) proximate causation of plaintiff's damages; (4) damages to the plaintiff. *Donahue v. Shughart, Thomson & Kilroy, P.C.*, 900 S.W.2d 624, 626 (Mo. banc 1995). A legal malpractice action thus is founded on an attorney's duty to exercise due care or to honor express contract commitments. In addition, an attorney has the basic fiduciary obligations of undivided loyalty and confidentiality. Ronald E. Mallen and Jeffrey M. Smith, LEGAL MALPRACTICE, § 14.1 at 227 (4th ed. 1996), citing *Shaffer v. Terrydale Management Corp.*, 648 S.W.2d 595 (Mo. App.1983); *Gardine v. Cottey*, 360 Mo. 681, 230 S.W.2d 731 (1950).

■ A breach of a fiduciary obligation is constructive fraud. *Gardine v. Cottey*, 360 Mo. 681, 230 S.W.2d 731, 739 (1950); *In re Oliver*, 365 Mo. 656, 285 S.W.2d 648, 655 (1956). Constructive fraud is a long-recognized cause of action. *Baker v. Humphrey*, 101 U.S. 494, 502, 25 L.Ed. 1065 (1879); 1

Joseph Story, EQUITY JURISPRUDENCE, 252–422, *esp.* 301–09 (12th ed. 1877). Missouri courts typically label these claims as breach of fiduciary duty. *See In re Buder,* 358 Mo. 796, 217 S.W.2d 563, 572, 573–75 (1949); *Lehnig v. Bornhop,* 859 S.W.2d 271, 272–73 (Mo. App.1993); *Jarnagin v. Terry,* 807 S.W.2d 190, 194 (Mo.App.1991); *Cain v. Hershewe,* 760 S.W.2d 146, 148, (Mo.App.1988); *Jo. B. Gardner, Inc. v. Beanland,* 611 S.W.2d 317, 320–21 (Mo.App.1980). *But see Rose v. Summers, Compton, Wells & Hamburg, P.C.,* 887 S.W.2d 683, 687 (Mo.App.1994). Whether characterized as breach of fiduciary duty or constructive fraud, the elements of such a claim are: (1) an attorney-client relationship; (2) breach of a fiduciary obligation by the attorney; (3) proximate causation; (4) damages to the client; (5) no other recognized tort encompasses the facts alleged. *See generally Johnson v. Smith's Administrator,* 27 Mo. 591, 592–93 (1859); *Swon v. Huddleston,* 282 S.W.2d 18, 25–26 (Mo.1955).

The second and fifth elements distinguish this claim from a legal malpractice action. The rationale for the second element is clear: "[A] breach of the standard of care is negligence, and a breach of a fiduciary obligation is constructive fraud." LEGAL MALPRACTICE, § 8.10 at 600, citing *Gardine v. Cottey, supra.* The fifth element flows from *Donahue.* Because the alleged breach of fiduciary duty in *Donahue* was "dependent on" the existence of attorney negligence, this Court held that the alleged breach was "no more than an action for attorney malpractice." *Donahue,* 900 S.W.2d at 629–30. If the alleged breach can be characterized as both a breach of the standard of care (legal malpractice based on negligence) and a breach of a fiduciary obligation (constructive fraud), then the sole claim is legal malpractice. *See Donahue,* 900 S.W.2d at 630. *Donahue* does not, however, preclude an action for breach of fiduciary duty or constructive fraud where the alleged breach is independent of any legal malpractice.

### B.

Best consistently denies that Missouri recognizes breach of fiduciary duty or constructive fraud as a claim against one's attorney.

Best relies on the following court of appeals' statement: "An attorney's breach of duty to a client during the course of representation of the client is legal malpractice, *not* breach of fiduciary duty as a separate tort. However, a breach of trust which arises out of the relationship, but occurs outside the time frame of the representation of plaintiff, could be a breach of fiduciary duty." *Williams v. Preman,* 911 S.W.2d 288, 301 (Mo.App.1995) (emphasis added). As support, the court of appeals cited this Court's decision in *Donahue v. Shughart, Thomson & Kilroy, P.C.,* 900 S.W.2d 624 (Mo. banc 1995).

■ This interpretation of *Donahue* is incorrect. Clients may sue their attorneys for torts other than legal malpractice. As indicated, an attorney may breach a fiduciary duty to a client at any time during their relationship. *Williams v. Preman* is overruled insofar as it holds otherwise. *Williams v. Preman,* 911 S.W.2d 288, 301[26] (Mo.App. 1995).

■ On the other hand, *Klemme* repeatedly invokes another appellate court statement: "When an attorney *intentionally* commits an act of misconduct in representing his or her client's interest... an action may lie for breach of fiduciary duty or constructive fraud." *Arana v. Koerner,* 735 S.W.2d 729, 735 (Mo.App.1987) (emphasis added). Proof of an attorney's intent is not required to establish breach of fiduciary duty or constructive fraud. *See Fix v. Fix,* 847 S.W.2d 762, 765 (Mo. banc 1993); LEGAL MALPRACTICE, § 8.10 at 599–600, § 14.3 at 237. *Arana v. Koerner* is overruled to the extent it indicates otherwise. *Arana v. Koerner,* 735 S.W.2d 729, 735[10] (Mo.App.1987).

### C.

■ Klemme has alleged facts that constitute the tort of breach of fiduciary duty or constructive fraud against his attorney: Best and Klemme had an attorney-client relationship; Best breached his fiduciary obligation by placing the interests of other clients before Klemme's; this breach proximately caused Klemme damages; no other recognized tort encompasses Klemme's claim. The circuit court erred in finding that Klemme's petition failed to state a claim.

## III.

■ The trial court did not err, however, in dismissing Klemme's petition against Best and Watson & Marshall. If it clearly appears from the petition that a cause of action is barred by limitations, a motion to dismiss on that ground is properly sustained. *Sheehan*, 901 S.W.2d at 59; *Miller v. Larson*, 712 S.W.2d 56, 58 (Mo.App.1986).

### A.

■ The threshold issue is whether breach of fiduciary duty or constructive fraud is governed by § 516.120(4) or § 516.120(5). Section 516.120(4) applies to "an action for taking, detaining, or injuring any goods or chattels, ..., or any other injury to the person or rights of another, not arising in contract and not herein otherwise enumerated;" *§ 516.120(4)*. Actions for legal malpractice based on negligence are governed by the five-year statute of limitations in § 516.120(4). *Lehnig v. Bornhop*, 859 S.W.2d 271, 273 (Mo.App.1993); *Koester v. American Republic Investments, Inc.*, 11 F.3d 818, 821 (8th Cir.1993).

"An action for relief on the ground of fraud" is governed by § 516.120(5). *§ 516.120(5)*. Under this subsection, a claim of fraud also has a five-year limit, but it begins to run only upon "the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud." *§ 516.120(5)*.

■ Section 516.120(5) uses the word "fraud" but not "breach of fiduciary duty" or "constructive fraud." This Court applies the plain and ordinary meaning to terms in a statute. *Morton v. Brenner*, 842 S.W.2d 538, 541 (Mo. banc 1992). Section 516.120(5) does not encompass breach of fiduciary duty or constructive fraud. Section 516.120(4) does apply to claims of breach of fiduciary duty or constructive fraud. *Lehnig v. Bornhop*, 859 S.W.2d 271, 273 (Mo.App.1993); *Koester*, 11 F.3d at 821–22. Klemme's claim is governed by the five-year limitations period of § 516.120(4).

### B.

■ The final issue is when the cause of action for breach of fiduciary duty or constructive fraud is deemed to accrue in this case. Section 516.120(4)'s limitation begins to run when damage is sustained and objectively capable of ascertainment. *§ 516.100; Carr v. Anding*, 793 S.W.2d 148, 150 (Mo. App.1990); *Anderson v. Griffin, Dysart, Taylor, Penner & Lay, P.C.*, 684 S.W.2d 858, 861 (Mo.App.1984). Damage is ascertainable when the fact of damage can be discovered or made known, not when the plaintiff actually discovers injury or wrongful conduct. *Sheehan*, 901 S.W.2d at 58–59; *See Anderson*, 684 S.W.2d at 860. All possible damages do not have to be known, or even knowable, before the statute accrues. *Dixon v. Shafton*, 649 S.W.2d 435, 439 (Mo. banc 1983); *See Zero Mfg. Co. v. Husch*, 743 S.W.2d 439, 441 (Mo. App.1987).

■ In this case the five-year statute of limitations under § 516.120(4) began to run no later than February 1987. Attorney Best was then settling the federal suit for all his clients and intended to include Klemme as a released party in the settlement. After learning of the imminent settlement, Klemme retained separate counsel and demanded his outright dismissal. Best, by letter to Klemme's new attorney, objected to Klemme's demand for dismissal and threatened suit if the settlement fell apart due to Klemme's demand.[2]

This Court's analysis in *Martin v. Crowley, Wade & Milstead, Inc.*, 702 S.W.2d 57 (Mo. banc 1985) controls. As in *Martin*, Klemme was under no duty to double check Best's work as long as Best was his attorney. *See Martin*, 702 S.W.2d at 58; *Anderson*, 684 S.W.2d at 861. However, by the time Klemme retained separate counsel in February 1987, the fact of damage could have been discovered or made known. At that point any inquiry would have revealed that Best had not sought Klemme's removal from the federal suit. Klemme waited over seven years to sue Best and Watson & Marshall. *Magee v. Blue Ridge Professional Bldg.*, 821 S.W.2d 839, 843 (Mo. banc 1991).

---

**2.** The facts in the preceding three sentences are from Klemme's reply brief to the court of appeals, which this Court may properly consider.

By then, the five-year statute of limitations in § 516.120(4) had run against Best and Watson & Marshall.

### IV.

The judgment of the circuit court is affirmed.

HOLSTEIN, C.J. and LIMBAUGH, ROBERTSON, COVINGTON and WHITE, JJ. and GARRISON, Special Judge, concur.

PRICE, J., not sitting.