Kathleen M. **SERAFIN**,
Plaintiff/Appellant,

v.

**MED 90, INC.**, a Missouri Corporation, **David Walter Grommet** and **Glenda Grommet**, Defendants/Respondents.

No. 72410.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Jan. 6, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 4, 1998.

Application to Transfer Denied
April 21, 1998.

Irl B. Baris & Jon M. Baris, St. Louis, for appellant.

Albert Watkins & Richard Hein, St. Louis, for respondents.

CRANDALL, Judge.

Plaintiff, Kathleen M. Serafin, appeals from the judgment, in a court-tried case, in favor of defendants, Med 90, Inc., et al., which determined there was no oral contract between the parties. We affirm.

Appellate review of a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32. The appellate court reviews the evidence in the light most favorable to the prevailing party, giving it the benefit of all reasonable inferences and disregarding the other party's evidence except as it supports the judgment. *Meyer v. Lofgren*, 949 S.W.2d 80, 82 (Mo.App. W.D.1997). It does not weigh the evidence and must give due deference to the trial judge in determining the

credibility of the witnesses. *Id.* The trial court is free to believe all, part, or none of the testimony of any of the witnesses. *Id.*

The evidence established that Med 90, Inc. (corporation) was incorporated in 1990 by defendant, David Walter Grommet (Grommet), as the sole incorporator. Its annual registration with the secretary of state for the years 1990–1994 did not list Kathleen M. Serafin (Serafin) as an officer or director. Serafin and Grommet each provided $10,-000.00 for initial expenses, but Serafin was repaid.

Serafin brought the present action against defendants; namely, Grommet, Glenda Grommet, his wife, and the corporation. She alleged that she and Grommet had an oral agreement to join in a business venture in which she would own 50 percent of the stock and share equally in the profits of the corporation. Defendants defended on the ground that Serafin was barred from recovery by operation of the statute of frauds because the agreement was not memorialized in writing. The evidence adduced by the parties presented many disputed facts regarding the formation and administration of the corporation.

The trial court entered judgment in favor of defendants. This court reversed the judgment and remanded for the trial court to make findings of fact and conclusions of law on the following issues: (1) the existence of an oral contract; (2) the terms of the contract, if found; and (3) the sufficiency of Serafin's performance to remove the contract, if found, from the statute of frauds. *Serafin v. Med 90, Inc.,* 932 S.W.2d 422 (Mo.App. E.D.1996) (*Serafin I*). Upon remand, the trial court re-entered judgment in favor of defendants, concluding that no oral agreement existed between Serafin and defendants.

The salient issue is contained in Serafin's first point. In that point, Serafin contends the trial court erred in determining an oral contract did not exist. She first argues that when the trial court initially determined the statute of frauds barred recovery on an oral contract, it implicitly found that an oral contract existed between her and Grommet and that its finding constituted the law of the case. Serafin's argument overlooks the fact that in *Serafin I* this court reversed the judgment of the trial court and thus rendered that judgment a nullity. *Serafin,* 932 S.W.2d at 424. This court pointed out there was evidence from which the trial court could find Serafin and Grommet did enter into an oral contract, but there also was evidence from which it could find they did not. *Id.* This court stated, "The trial court did not expressly decide there was an oral contract"; and directed the trial court upon remand to determine whether an oral contract existed. *Id.* Unless there is a change in the issues or evidence, a previous appellate court holding constitutes the law of the case and concludes any issues decided on remand or subsequent appeal. *Lehnig v. Bornhop,* 896 S.W.2d 714, 715 (Mo.App. E.D.1995).

Furthermore, when a case is remanded with specific directions to the trial court, the trial court is bound to render judgment in conformity with the mandate. *Pinkston v. Ellington,* 845 S.W.2d 627, 629 (Mo.App. E.D.1992). The trial court entered findings of fact and conclusions of law in compliance with the appellate court mandate.

Serafin next argues the trial court erred in finding there was no oral contract. In view of our standard of review under *Murphy v. Carron* as well as the deference accorded the trial court in determining the credibility of the witnesses, we find there was substantial evidence to support the trial court's determination that Serafin and Grommet did not enter into an oral agreement. Serafin's first point is denied.

Because the first point is determinative of this appeal, we need not address the remaining point on appeal.

The judgment of the trial court is affirmed.

AHRENS, C.J., and KAROHL, J., concur.