**Nicholas NOVICH, Appellant,**

v.

**HUSCH & EPPENBERGER et al., Respondents.**

**No. ED 75958.**

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 1, 2000.

John J. Allan, Clayton, for appellant.

Eugene K. Buckley, St. Louis, for respondent.

LAWRENCE G. CRAHAN, Judge.

Nicholas Novich ("Novich") appeals from the judgment granting Christine F. Miller's and Husch and Eppenberger's ("Attorneys") motion for summary judgment in his legal malpractice action. We affirm.

This Court's review of a summary judgment is essentially *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). The record is viewed in the light most favorable to the non-movant and the non-movant is given the benefit of all reasonable inferences. *Id.* A defending party may establish a right to summary judgment by showing any of the following: (1) facts that negate any one of the elements of the claimant's cause of action; (2) the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of claimant's elements; or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly pleaded affirmative defense. *Id.* at 381.

The relevant facts are as follows. Novich was one of four shareholders in a corporation known as St. Louis Land and Cattle Company. In 1986, the Pasta House Company assigned a lease of certain property to St. Louis Land and Cattle Company. Under the terms of the assignment, Novich and the other shareholders agreed to indemnify the Pasta House Company for any defaults under the lease and they personally guaranteed St. Louis Land and Cattle Company's obligation to Lorraine Associates ("Landlord").

St. Louis Land and Cattle Company was not a success and it defaulted on its lease obligations. Landlord filed an unlawful detainer action, naming St. Louis Land and Cattle Company, its guarantors, in-

cluding Novich, and the Pasta House Company as defendants. Jamie Kahn ("Kahn"), an employee of one of the guarantors, retained Attorneys to represent the St. Louis Land and Cattle Company defendants in the unlawful detainer suit. Attorneys communicated with the guarantors at all times through Kahn.

Landlord dismissed the unlawful detainer suit and filed suit for damages under the lease. Attorneys entered their appearance and accepted service on behalf of the guarantors in the second suit. However, Attorneys sought and obtained leave from the trial court to withdraw as counsel. With the exception of Novich, the guarantors obtained new counsel and settled the lawsuit. Under the terms of the settlement, which explicitly excepted Novich from the release, the guarantors paid Landlord $60,000.00, while the Pasta House Company paid Landlord $20,000.00 in cash in addition to $20,000.00 in Pasta House coupons and four weeks at the Pasta House condominium. A default judgment was entered against Novich, but he successfully moved to have it set aside. The trial court eventually entered judgment against Novich in the action for damages under the lease.

Novich then initiated this legal malpractice action against Attorneys. He claimed he was unaware that Attorneys had accepted service, entered an appearance on his behalf, or secured leave to withdraw as his counsel in the second lawsuit. Novich claimed that had he been notified of their withdrawal he would have obtained counsel and negotiated the same settlement as the other guarantors. Although Landlord subsequently stated that he would have included Novich in the settlement, this statement is inconsistent with Landlord's actions subsequent to the settlement with the other guarantors.

A jury returned a verdict in favor of Novich. The trial court granted Attorneys' motion for a new trial on the ground that the verdict was against the weight of the evidence. Before the case came up for

trial again, Attorneys filed a motion for summary judgment. Thereafter, the trial court entered summary judgment in favor of Attorneys. Novich appeals from this judgment.

■ To establish a claim for legal malpractice, a plaintiff must prove that (1) an attorney-client relationship existed; (2) the attorney acted negligently or in breach of contract; (3) such acts were the proximate cause of the client's damages; and (4) but for the attorney's conduct the client would have been successful in the prosecution of the underlying claim. *Baldridge v. Lacks*, 883 S.W.2d 947, 953 (Mo.App.1994).

■ We address Novich's third point first because it is dispositive of the issue on appeal. In his third point, Novich argues that the trial court erred in finding that he was unable to establish that but for Attorneys' conduct he would have been successful in the prosecution of the underlying claim. However, the record reflects that Novich was unsuccessful in the underlying action as the trial court entered judgment against him on Landlord's claim for damages under the lease. In fact, Novich does not dispute his liability in that suit. Instead, he argues that he can satisfy the fourth element set forth above by offering evidence that he could have settled the claim for less than his actual liability if he had known that Attorneys had withdrawn as his counsel.

■ Novich does not cite nor does our research reveal any legal support for this theory. Nor do we believe that such a departure from the well-established criteria would be sound public policy. The plaintiff holding the judgment is presumably indifferent about who pays the judgment and thus perfectly willing to shift liability to the defendant's lawyers by speculating about what he might have settled for. This would especially be so if the defendant was not solvent. In our view, this potential for mischief is ample reason to adhere to the established requirements. We hold that a plaintiff must prove that his underlying claim would have been suc-

cessful even if the malpractice action arises out of a settlement because even frivolous claims may have settlement value. *See Baldridge,* 883 S.W.2d at 954. As such, Novich cannot claim his inability to settle constitutes causation in a legal malpractice action.

Moreover, Novich's claim that Landlord would have settled the claim against him is speculative and inconsistent with Landlord's subsequent actions. Therefore, because Novich failed to plead or prove that the underlying claim or defense was meritorious and would have been successful except for the negligence of Attorneys his legal malpractice claim must fail. *Baldridge,* 883 S.W.2d at 953; *Cain v. Hershewe,* 760 S.W.2d 146, 149 (Mo.App.1988); *Roehl v. Ralph,* 84 S.W.2d 405, 409 (Mo. App.1935). Accordingly, summary judgment was proper because Novich could not prove this element of his claim. *ITT,* 854 S.W.2d at 381. Point denied.

Our conclusion on Novich's third point makes it unnecessary to rule on his remaining points. The judgment is affirmed pursuant to Rule 84.16(b). Attorneys' motion to dismiss or affirm for alleged violations of Rule 84.04 is denied.

MARY RHODES RUSSELL, C.J., Concurs.

ROBERT E. CRIST, Sr. J., Concurs.