Garsh, J.
After review and hearing, the defendants’ motion for summary judgment is denied.
To succeed on a legal malpractice claim based on negligence in failing to communicate a defendant’s request for a demand below $400,000 and in failing to communicate other matters material to a plaintiffs decision whether to seek to settle and at what amount, the plaintiff must prove, in addition to deviation from the standard of care, that she “probably would have obtained a better result had the attorney exercised adequate skill and care.” Fishman v. Brooks, 396 Mass. 643, 647 (1986). See also Meyer v. Wagner, 429 Mass. 410, 424 (1999) (“To prevail on a claim for legal malpractice, the plaintiff must show that the attorney’s breach of duty was the proximate cause of the damage or loss she sustained”). Such a suit is not automatically foreclosed where, as a result of the attorney’s negligence, a case does not settle and, thereafter, a verdict is rendered for the defendant in the underlying suit. A legal malpractice plaintiff is not invariably required to prove that, but for the attorney’s failure, she probably would have been successful in the prosecution of the underlying litigation.
As the Court points out in Fishman, 396 Mass. at 647 n. 1, the “opportunity to settle the case for a reasonable amount without a trial” is itself a valuable right which may be lost because of an attorney’s negligence. In such a situation, the client could seek to recover the difference between the lowest amount at which his case probably would have settled on the advice of competent counsel and the amount of the settlement, id., or, as here, the amount of the verdict. Under this approach there is “no need for a trial within a trial.” Id. The commentary to Section 53 of the Restatement (Third) of the Law Governing Lawyers (1998), by its use of the phrase “if any," contemplates that a malpractice claim may be maintained arising out a lost settlement- even where the client received nothing at trial. That comment states:
A plaintiff might contend that the defendant in the previous action made a settlement offer, that the plaintiffs then lawyer negligently failed to inform plaintiff of the offer . . ., and that, if informed, plaintiff would have accepted the offer. If the plaintiff can prove this, the plaintiff can recover the difference between what the claimant would have received under the settlement offer and the amount, if any, the claimant in fact received through later settlement or judgment.
(Emphasis added.) See Moores v. Greenberg, 834 F.2d 1105, 1107-08 (1st Cir. 1987) (even though jury verdict went against client, judgment affirmed for plaintiff in legal malpractice case based upon failure to seasonably advise client of opportunities for settlement, but public policy issues apparently were not argued). See generally Mallen & Smith, Legal Malpractice §30.41 (5th ed. 2001) (“When both the likelihood of settlement and the amount can be supported by evidence, then the fact of injury is no longer speculative . . . The settlement value of the case does not become a measure of damages without proof that compromise could and should have been the result of the litigation”); Barry, “Legal Malpractice in Massachusetts: Recent Developments,” 78 Mass. L. Rev. 74, 79 (1993) (the burden of establishing proximate cause in a legal malpractice action “does not necessarily compel the client to demonstrate that he would have won the underlying case. Rather, it is enough for the legal malpractice plaintiff to show that he has lost a valuable right; e.g., the settlement value of the underlying case”).
In many cases, proof of missed settlement opportunities would be so speculative that a case should not be allowed to proceed. E.g., Novich v. Husch & Eppenberger, 24 S.W.3d 734, 737 (Mo.App.E.D. 2000) (noting that plaintiffs lost settlement claim was speculative and inconsistent with other party’s subsequent actions); Campbell v. Magana, 184 Cal.App.2d 751, 757-58 (Ct.App. 1960) (after losing case, plaintiff could not claim malpractice based on possibility of nuisance settlement because settlement was speculative where plaintiff stated she would not settle for less than $100,000, only offer made was $350 and possibility of settlement “fell in category of speculation, conjecture and contingency”). It does not follow, however, that a verdict in favor of a malpractice plaintiff permitted to *724 prove missed settlement opportunities would in every case be a verdict based upon speculation, guesswork, or surmise. Here, there is evidence in the record that, during the discovery phase of the underlying case, the attorney for the defendant in that case asked for a settlement demand below $400,000 and that, at the final pre-trial conference, the defense counsel inquired of plaintiffs’ counsel if there was some number between $100,000 and $400,000 that the plaintiffs might take. There is also evidence that the defense counsel represented at the final pre-trial conference that she would go to the City Council for the City of Fall River, the defendant in the underlying case, to try to obtain settlement funding in the amount of $250,000 and, further, that during the course of the trial the defendant’s attorney in fact received authority to settle the case for $375,000.
The defendants’ analogy to malpractice cases arising out of criminal defense work, in which a criminal defendant is allowed to recover only if he proves that he is not guilty of the underlying criminal charge, is not apt. In Glenn v. Aiken, 409 Mass. 699, 707 (1991), the Court rejected applying the standards of claims of malpractice arising out of civil litigation to claims of malpractice arising out of criminal defense, holding that “[tjhere is good reason to place a greater burden on a guilty criminal defendant maintaining a claim of malpractice . . . than is placed on a wronged civil defendant . . . There is no reason to compensate [a criminal defendant], rewarding him indirectly for his crime.”
Applying an objective standard, there are material facts in dispute concerning whether the defendant Richard T. Gallone breached the standard of care he owed to his client. Viewing the evidence and the inferences reasonably drawn therefrom most favorably to the plaintiffs, there are also material facts in dispute as to whether any such breach resulted in damage to the plaintiffs. The likelihood of settlement and the amount of any such settlement are in dispute.
This court need not rule on the defendants’ argument that the plaintiffs suffered no damages because any settlement they would have accepted would have been “essentially eaten up” by the defendants’ contingent fee, unpaid expenses, and the medical lien imposed by the medical providers. This argument is predicated upon facts not contained in the Statement of Undisputed Material Facts and was relegated to a footnote. Further, “essentially eaten up” is not the same as “eaten up.” Accordingly, prior to the final pre-trial conference in this action, counsel for the parties are directed to discuss stipulating to the amount of the contingency fee, unpaid expenses, and any medical lien. The plaintiffs are also directed to advise the defendants whether they anticipate introducing evidence that the medical providers, more likely than not, would have discounted the lien and by what amount. At the final pre-trial conference, the parties are directed to file memoranda of law for the trial judge concerning what reductions, if any, should be made from the amount of the settlement, if any, which a jury may find that the plaintiffs would have received but for the attorney’s negligence and also whether attorneys fees incurred in this action are recoverable as consequential damages of the alleged negligent lawyering. See Moores, 834 F.2d at 1110-14.
Finally, the parties are directed to file, at the final joint pre-trial conference, proposed jury instructions and memoranda of law for the trial judge as to the applicability, as argued by the plaintiffs during oral argument, of the framework set out in Harnish v. Children’s Hospital Medical Center, 387 Mass. 152 (1982), for lack of informed consent in medical malpractice cases to legal malpractice cases based upon negligent failure to communicate information to a client.
Accordingly, it is ORDERED that the defendants’ Motion for Summary Judgment be and hereby is DENIED.