**Michael McVEIGH, Appellant,**

v.

**Lawrence FLEMING, Respondent.**

**No. ED 98891.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 1, 2013.

Michael McVeigh, Clayton, MO, pro se.

Lawrence J. Fleming, St. Louis, MO, pro se.

ANGELA T. QUIGLESS, Judge.

## I. INTRODUCTION

Michael McVeigh (McVeigh) appeals the judgment entered after a bench trial ordering him to pay Larry Fleming (Fleming) 4 cents per page for photocopies of the original paper documents he provided to Fleming. McVeigh contends that the trial court erred in ordering him to bear a portion of the costs associated with making copies of the original paper documents that were part of McVeigh's case file because as Fleming's client, Fleming was obligated to return those documents to McVeigh at no cost to him. Because the trial court erred in ordering McVeigh to pay a duplication fee of 4 cents per page, that portion of the trial court's judgment is reversed. Accordingly, the case is remanded with directions to enter judgment in accordance with this opinion. In all other respects, the judgment is affirmed.

## II. BACKGROUND

McVeigh sought legal representation in a lawsuit that had already been filed and contacted Fleming, an attorney licensed to practice law in Missouri. McVeigh and Fleming met at Fleming's office to discuss McVeigh's case. At that meeting, Fleming requested copies of the documents that were pertinent to McVeigh's case to determine whether Fleming would accept his case. McVeigh provided Fleming with four compact discs and a stack of original paper documents. Fleming printed copies of the documents that were stored on two of the compact discs and combined those copies with the original paper documents. After reviewing McVeigh's case, Fleming notified McVeigh that he would represent him.

McVeigh and Fleming discussed various fee arrangements. In the interim,

McVeigh tendered a check to Fleming in the amount of $5000.00. Shortly thereafter, McVeigh informed Fleming that he did not want Fleming to represent him. Fleming returned McVeigh's compact discs but did not return the original paper copies of McVeigh's documents or the $5,000.00 check.

McVeigh filed a lawsuit against Fleming. In his amended petition, McVeigh alleged that Fleming had breached his fiduciary duty in various ways and had committed conversion. Specifically, McVeigh alleged that Fleming had failed to return the original paper documents that he had given Fleming.

The trial court held a bench trial on this matter. At trial, McVeigh and Fleming testified. Following the bench trial, the trial court issued a judgment. The judgment required Fleming "to return to [McVeigh] the documents that were given to [Fleming] by [McVeigh] in hard copy form." It ordered Fleming to make copies of McVeigh's original paper documents and to tender those copies to McVeigh. The judgment further ordered McVeigh to pay Fleming "the sum of 4¢ per page copied, said charge representing one-half of the estimated duplication costs." After the trial court rendered a judgment, McVeigh filed a motion to alter, amend, and/or set aside portions of that judgment. In his motion, McVeigh argued that the trial court erred in taxing half of the costs of copying the original paper documents to him because "the original hard copy documents are, as a matter of law, Plaintiff's property and he cannot be required to pay for their return." That same day, the trial court denied McVeigh's motion. McVeigh now appeals.

### III. DISCUSSION

On appeal, McVeigh argues that the trial court erred in ordering him to pay a portion of the duplication costs of the original paper documents because Fleming was obligated to return those documents to McVeigh, and any expenses associated with carrying out that task were to be borne by Fleming. We agree.

■ "The rules of professional conduct have the force and effect of judicial decision." *Londoff v. Vuylsteke*, 996 S.W.2d 553, 557 (Mo.App.E.D.1999); *Vance v. Griggs*, 324 S.W.3d 471, 475 (Mo. App.W.D.2010). Under Rule 4–1.16(d) of the Missouri Rules of Professional Conduct, " 'upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... surrendering papers and property to which the client is entitled....' " *In re Lim*, 210 S.W.3d 199, 201 (Mo. banc 2007) (quoting Missouri Rules of Professional Conduct, Rule 4–1.16(d)). On its face, Rule 4–1.16(d) requires lawyers whose representation of a client has terminated to protect that client's interest by returning any papers to which the client is entitled. A client is entitled to his or her files because "[t]he client's files belong to the client, not to the attorney representing the client." *In re Cupples*, 952 S.W.2d 226, 234 (Mo. banc 1997).

Here, the trial court's judgment ordered Fleming to return the original paper documents to McVeigh. In light of the principles enunciated in Rule 4–1.16(d) and *In re Cupples*, Fleming was obligated to return the original paper documents or copies of those documents to McVeigh because a lawyer is required to surrender papers to which the client is entitled upon the termination of representation, and the client's files belong to the client. Therefore, the trial court was within its authority to order Fleming to return the original paper documents to McVeigh.

 The trial court's judgment further ordered McVeigh and Fleming to share the duplication costs associated with the return of McVeigh's original paper documents. According to the Missouri Supreme Court Advisory Committee, "[i]f a lawyer wishes to keep a copy of the file for his own use or protection, then the lawyer must bear the costs of copying the file." Formal Opinion No. 115, 1988 WL 1536231, at * 1 (March 4, 1988). Here, the record is devoid of any facts that would make this rule inapplicable. Therefore, the trial court erred in ordering McVeigh to pay Fleming 4 cents per page in duplication costs because a client's file is property that belongs to the client, a lawyer must return the client's property once representation has been terminated, and a lawyer must bear the cost of copying the file. Point granted.

### III. Conclusion

Accordingly, we reverse the section of the trial court's judgment ordering McVeigh to pay Fleming 4 cents per copy and remand the case to the trial court with the instruction to strike the aforementioned language from its judgment.

We have reviewed McVeigh's remaining points on appeal. Because a written opinion would serve no jurisprudential purpose, those points are discussed in an unpublished memorandum, provided only to the parties, and denied pursuant to Rule 84.16(b).

ROBERT G. DOWD, JR., P.J. and ROY L. RICHTER, J., Concur.