

# In the Missouri Court of Appeals Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| THE ESTATE OF STEVEN A. BONIFER, BY & THROUGH CYNTHIA BONIFER AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STEVEN A. BONIFER, | ) ) ) ) ) | ED101161 |
| Appellant, | ) ) | Appeal from the Circuit Court of St. Louis County 11SL-CC02443 |
| v. | ) ) ) | Honorable Tom W. DePriest, Jr. |
| KULLMANN KLEIN & DIONENDA, P.C., | ) ) | |
| Respondent. | ) ) | Filed: November 18, 2014 |

## Introduction

Appellant Estate of Steven A. Bonifer (Estate) appeals the trial court's grant of summary judgment in favor of Respondent Kullmann Klein & Dioneda, P.C. (KKD), on the Estate's claims of breach of fiduciary duty and conspiracy to commit fraud, arising from KKD's representation of Steven A. Bonifer (Decedent). Though there is ample evidence on the record from which the trial court could have found KKD did not fully comply with its duties owed to the Estate and Decedent; because the Estate failed to produce evidence that it was actually damaged by KKD's conduct, we affirm.

## Background

In 2006, Decedent retained Steven Dioneda (Lawyer) of KKD to represent Decedent in a personal injury claim against Wal-Mart. Decedent told Lawyer that he had been injured while shopping at Wal-Mart when a stack of boxes fell and struck him, knocking him to the ground. Lawyer obtained Decedent's medical records and began settlement negotiations with Wal-Mart. Wal-Mart initially sent an offer of $15,000 in September of 2007.

On March 21, 2008, Decedent died. Lawyer continued settlement negotiations with Wal-Mart, stating later that he had authority to do so from Decedent's surviving immediate family members: Robin Bonifer (Wife), and Decedent's two adult daughters. On July 8, 2008, Lawyer communicated to Wife that he received a final settlement offer from Wal-Mart of $35,000. Wife informed Lawyer that she and her daughters agreed they should accept the offer, which Lawyer did on July 31, 2008.

In the meantime, during the week following Decedent's death, Decedent's sister, Cynthia Bonifer (Sister), had called Lawyer and told him that Wife was under investigation regarding Wife's potential involvement in Decedent's death. Sister was eventually appointed as personal representative of the Estate in April of 2009, several months after Lawyer had accepted the $35,000 settlement (Settlement) with Wal-Mart.

In March of 2009, KKD filed a claim against the Estate for one third of the Settlement, which was the portion designated as a contingency fee in KKD's representation agreement with Decedent. In June of 2009, the Estate filed a lawsuit joining both Wal-Mart and KKD as defendants. The suit included a negligence claim against Wal-Mart for compensation of Decedent's injuries sustained when the stack of

2

boxes fell on him. The suit also included claims of legal malpractice, breach of fiduciary duty, and conspiracy to defraud against KKD, arising from Lawyer's negotiation and acceptance of the Settlement after Decedent's death without involving the personal representative of the Estate. During discovery, the Estate requested KKD's entire legal file related to representation of Decedent. KKD did not turn over the file initially, but the Estate did receive it sometime before trial, after filing a motion to compel discovery.

In December of 2009, Wal-Mart filed a motion to enforce the Settlement. The Estate opposed enforcement of the Settlement, arguing that Lawyer did not have authority to negotiate and accept the Settlement after Decedent's death. While Wal-Mart's motion was pending, the Estate sent a settlement offer of $54,000, which Wal-Mart rejected. The trial court eventually denied Wal-Mart's motion to enforce the Settlement. Subsequently, the Estate dismissed KKD from the lawsuit because the Estate determined that KKD was undermining the Estate's negligence claim against Wal-Mart by disclosing facts harmful to the Estate's case. The trial for the negligence claim took place in April of 2011. The jury found in favor of Wal-Mart, yielding no recovery for the Estate.

The Estate filed the present lawsuit against KKD in June of 2011. After two amendments, the petition contained three counts: Count I for breach of fiduciary duty to Decedent, Count II for breach of fiduciary duty to the Estate, and Count III for conspiracy to defraud. KKD moved for summary judgment on all of the Estate's claims, which the trial court granted. This appeal follows.

3

## Standard of Review

Our review of summary judgment is essentially *de novo*. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 382 (Mo. banc 1993). Summary judgment is proper where no genuine dispute exists as to any material fact, and the movant is entitled to judgment as a matter of law. Id. When a trial court grants summary judgment, this Court may affirm it upon any theory that can be sustained as a matter of law, even if the trial court reached the summary judgment for different or insufficient reasons. Guy v. City of St. Louis, 829 S.W.2d 66, 68 (Mo. App. E.D. 1992).

## Discussion

The trial court's judgment contained the following findings. Regarding both counts of breach of fiduciary duty, the trial court found that they could also be characterized as legal malpractice. Because an element of a claim for breach of fiduciary duty is that no other tort encompasses the alleged facts, the trial court found that both claims of breach of fiduciary duty failed as a matter of law. See Klemme v. Best, 941 S.W.2d 493, 496 (Mo. banc 1997) (elements of breach of fiduciary duty claim are: (1) attorney-client relationship, (2) breach of fiduciary obligation by attorney, (3) proximate causation, (4) damages to client, and (5) no other recognized tort encompasses facts alleged). Additionally, regarding the Estate's claim of breach of fiduciary duty owed to the Estate, the trial court found that the Estate failed to establish an attorney-client relationship between KKD and the Estate. Finally, regarding the Estate's claim for conspiracy to defraud, the trial court found the claim failed as a matter of law because the Estate failed to plead an underlying cause of action for fraud. See Envirotech, Inc. v.

4

Thomas, 259 S.W.3d 577, 586 (Mo. App. E.D. 2008) (underlying tort must be pled with civil conspiracy claim).

The Estate's three points on appeal contest the findings related to each of its three claims in turn. However, because we find the Estate failed to produce non-speculative evidence of damages regarding all three claims, we affirm the trial court's grant of summary judgment on that basis. See Guy, 829 S.W.2d at 68.

Breach of Fiduciary Duty

The Estate's two claims of breach of fiduciary duty both allege the same facts, contained in the nearly-identical paragraphs 89 and 98 of the Estate's second amended petition. The alleged facts included that KKD breached its duty of loyalty to both Decedent and the Estate by taking direction from Wife regarding the Settlement, especially after learning of her potential involvement in Decedent's death; accepting the Settlement without authority; withholding Decedent's legal file from the Estate; and undermining the Estate's negligence claim against Wal-Mart by disclosing privileged information harmful to the Estate.

Damages is an essential element of any breach of fiduciary duty claim. See Klemme, 941 S.W.2d at 496. Thus, regardless of whether KKD's conduct constituted a breach of any duty, and even if the Estate established that KKD had an attorney-client relationship with both Decedent and the Estate at the relevant times; the Estate still must show that KKD's conduct resulted in damages to the Estate.

Here, the Estate alleged the following damages proximately resulted from KKD's conduct, laid out identically in both counts of breach of fiduciary duty:

> Plaintiff has sustained damages in excess of $25,000.00, as the
> Estate's legal expenses in freeing itself from the legally void

5

settlement, defending against KKD's claim in the probate court, and procuring its own file exceeded $20,000; and the prosecution of the negligence claim KKD failed to properly preserve and then intentionally derailed cost in excess of $100,000.

In sum, the Estate's alleged damages can be divided into two categories: (1) lost settlement value of the claim, and (2) legal fees spent avoiding the Settlement and prosecuting the negligence claim against Wal-Mart.

Regarding the first category of damages, the Estate argues that because KKD continued settlement negotiations after Decedent's death and eventually communicated an acceptance of $35,000, Wal-Mart refused any further negotiations with the Estate, and thus the Estate's settlement value was limited to $35,000. The Estate argues this is shown by the fact that when the Estate later offered a settlement of $54,000, Wal-Mart rejected that offer, saying that the case had already settled for $35,000.

One measure of damages is the amount the plaintiff would have received "but for" the attorney's conduct. Steward v. Goetz, 945 S.W.2d 520, 532 (Mo. App. E.D. 1997).[1] The Estate presented no evidence regarding the settlement value of the claim, but simply argued it could have obtained a higher settlement had Lawyer not already finalized the Settlement. The evidence on the record showed that Lawyer's negotiations included demands of over $100,000, to which Wal-Mart initially extended a settlement offer of $15,000. The assertion that the Estate could have negotiated and secured a settlement more than the $35,000 that Lawyer eventually negotiated rests on speculation, and was properly deemed insufficient as a matter of law. See Mogley v. Fleming, 11 S.W.3d 740, 747 (Mo. App. E.D. 1999) (where evidence linking injury to attorney's

---

[1] While Steward addresses the measure of damages in legal malpractice claims, the damage element is the same as in breach of fiduciary duty claims. See Klemme, 941 S.W.2d at 496 (second and fifth elements of breach of fiduciary claim are what distinguish that claim from legal malpractice).

6

conduct "amounts to mere conjecture and speculation," plaintiff has not made submissible case).

Moreover, when the Estate eventually tried its negligence claim against Wal-Mart, a jury determined that it did not merit any recovery. The Estate argues this fact is irrelevant to the settlement value of the claim prior to trial and to KKD's disclosure of facts harmful to the claim, but we disagree. See Novich v. Husch & Eppenberger, 24 S.W.3d 734, 736-37 (Mo. App. E.D. 2000) (where plaintiff claimed damages from failure to settle, court held plaintiff must prove underlying claim would have been successful). Thus, the Estate failed to produce non-speculative evidence that it was damaged in the form of lost settlement value by Lawyer's negotiation of the Settlement.

The Estate also sought compensation for legal fees it spent avoiding the Settlement and subsequently prosecuting the claim against Wal-Mart. The Estate argues it was forced to avoid the Settlement and go to trial due to Lawyer's improper securing of the Settlement, and that as a result, the Estate was also forced to join KKD as a defendant in its prosecution of the negligence claim against Wal-Mart. The Estate argues this in turn led to expenses in obtaining Decedent's legal file, as well as KKD's sabotage of the Estate's claim against Wal-Mart.

However, all of these expenses stem from the Estate's own decision to decline the Settlement and go to trial against Wal-Mart. Despite any impropriety during negotiation of the Settlement, the Estate still retained the option to choose to ratify the $35,000 Settlement. The expenses the Estate incurred in choosing instead to avoid the Settlement, to join KKD as a defendant, and to proceed to trial with Wal-Mart, unfortunately yielded no return. However, this result cannot be attributed to KKD's negotiation of a $35,000

7

settlement on behalf of Decedent. Cf. Day Adver. Inc. v. Devries & Assocs., P.C., 217 S.W.3d 362, 367 (Mo. App. W.D. 2007) (noting that where plaintiff does not show settlement was necessary to mitigate damages or that if case had not settled, plaintiff would have been worse off; no damages resulted from attorney's negligence leading to settlement[2]). KKD's subsequent actions in defending itself in the initial legal malpractice claim brought by the Estate are the result of the Estate's choice to bring that claim and to join it with the negligence claim against Wal-Mart. We are not persuaded by the Estate's insistence that it was forced to do so as a result of the $35,000 Settlement because, as determined above, the Estate has failed to show that it would have achieved a greater recovery had KKD not negotiated the $35,000 Settlement in the first place. See id.; Novich, 24 S.W.3d at 736-37.

Finally, we briefly address the Estate's claim of damages caused by KKD's failure to turn over Decedent's legal file in a timely manner. The Estate is correct that KKD had a duty to give the Estate access to the Decedent's legal file. See In re Cupples, 952 S.W.2d 226, 234 (Mo. banc 1997) (client's files belong to client, not attorney); Corrigan v. Armstrong, Teasdale, Schlafly, Davis & Discus, 824 S.W.2d 92, 98 (Mo. App. E.D. 1992) (attorney is required to turn over to client any documents for which client has bargained and paid, and to grant access to any work product needed to understand documents). However, we find no precedent for a party obtaining relief for a failure to turn over a legal file alone by means of breach of fiduciary duty. See McVeigh

---

[2] While this case and others consistent with it discuss lack of damages from a plaintiff entering a settlement, we believe the principle can apply here as well in the reverse situation where a plaintiff sought to avoid a negotiated settlement, though there is no precedent directly addressing such a situation. The Estate has not shown it was forced to go to trial to mitigate damages, or that it would have been worse off had it been bound by the Settlement. In fact, the evidence on the record indicates the Estate would actually have been better off had it accepted the Settlement and not gone to trial.

8

v. Fleming, 410 S.W.3d 287, 289-90 (Mo. App. E.D. 2013) (noting duty to turn over file is ethical duty; ordering attorney to bear cost of copying file); Corrigan, 824 S.W.2d at 98 (justification of client's need for information from file "can be manifested in and processed by a request for mandatory injunction"). While it may be possible that a cause of action would lie where the withholding of the legal file damaged a plaintiff's case, because the Estate here has failed to articulate damages proximately resulting from KKD's negotiation and acceptance of the Settlement, the Estate is unable to demonstrate how the deprivation for a time of the contents of that file damaged any of the Estate's legal actions.

Therefore, because the Estate failed to produce non-speculative evidence of damages, and because damages is an essential element of both claims of breach of fiduciary, the trial court did not err in granting summary judgment in favor of KKD on both of these claims. Points I and II denied.

### Conspiracy to Commit Fraud

The Estate argues in its final point on appeal that summary judgment was improper on its claim of conspiracy to commit fraud. While the parties' arguments center on whether the Estate properly pled an underlying tort to accompany the civil conspiracy claim, an essential element of a claim of civil conspiracy is damage to the plaintiff. See Envirotech, 259 S.W.3d at 586.

The damages alleged in Count III of the petition are those resulting from the negotiation and acceptance of the Settlement without approval, Decedent's medical expenses and claim for pain and suffering, and Decedent's legal fees. The Estate cannot show that Decedent's medical expenses or pain and suffering were incurred because of

9

KKD's actions taken regarding the Settlement after Decedent's death. Additionally, because we have found that the Estate failed to produce non-speculative evidence of damages from KKD's actions in securing the $35,000 Settlement, this claim fails as well. Thus, the trial court did not err in granting summary judgment in favor of KKD on Count III for civil conspiracy. Point III denied.

## Conclusion

We do not condone an attorney's breach of any duty owed to a client. See In re Coleman, 295 S.W.3d 857 (Mo. banc 2009) (affirming disciplinary action against attorney who accepted settlement agreement without consent of client and moved court to enforce settlement against client's wishes). However, in order for a client to recover damages in an action for breach of fiduciary duty, damage to the client must have proximately resulted from the attorney's conduct. Here, because the Estate failed to produce non-speculative evidence of damages resulting from KKD's negotiation and acceptance of the Settlement after Decedent's death, all of the Estate's present claims fail as a matter of law. Thus, the trial court did not err in granting KKD's motion for summary judgment. We affirm.

Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P. J., concurs.
Robert G. Dowd, Jr., J., concurs.

10